**FIRST COMMERCE OF AMERICA INC., an Oregon corporation, Plaintiff—Appellant,**

**v.**

**GENESIS FIRE PROTECTION, INC., an Arizona corporation; GFP Irrevocable Trust, an Arizona holding company; Grantham Fire Protection, Inc., a defunct Arizona corporation; Terry L. Grantham, husband; Doris E. Grantham, wife; Terry L. Grantham, Jr., husband; Darcey D. Grantham, wife; Lisa Isaac, wife; Laura C. Franklin, wife; John D. Franklin, aka John Doe Franklin; Steven M. Isaac, husband; John J. Wilkinson, husband;**

Roberta E. Wilkinson, wife, aka Jane Doe Wilkinson; Thomas K. Frazier, husband; Laurie Frazier, wife aka Jane Doe Frazier, Defendants—Appellees.

Nos. 00–17060, 00–17169, 00–17170.
D.C. No. CV–96–02006–VAM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2002.

Decided June 7, 2002.

Before WALLACE, KOZINSKI, and PAEZ, Circuit Judges.

### MEMORANDUM *

The first issue is whether First Commerce of America's (First Commerce) fraudulent transfer claim is barred by the two-year limitations period in 11 U.S.C. § 546(a) or the four-year limitations period in Arizona Revised Statutes section 44–1009. The relevant portion of section 44–1009 states that the claim must be brought "within four years after the transfer was made or obligation was incurred." The last transfer in the record from Grantham Fire Protection, Inc. (Grantham) to Genesis Fire Protection, Inc. (Genesis) took place on May 1, 1992–four years and five months before the First Commerce filed its claim. Grantham also incurred a series of obligations on Genesis' behalf when it allowed Genesis to use its credit to purchase goods from suppliers. While the record indicates that Genesis reimbursed Grantham for these withdrawals as late as December 11, 1992, there is no evidence that these obligations were *incurred* by

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Grantham after August 31, 1992. Because First Commerce's claim was not timely under either period, we have no need to decide which one applies. The district court's summary judgment on First Commerce's fraudulent transfer claim was proper.

■ The second issue is whether the district court erred in holding that Genesis should not be held liable as a Grantham successor because Grantham's "principal assets" were not transferred to Genesis. *A.R. Teeters & Assocs., Inc. v. Eastman Kodak Co.*, 172 Ariz. 324, 836 P.2d 1034, 1039 (Ct.App.1992). Under *A.R. Teeters*, the transfer of a corporation's "principal assets" is a prerequisite to successor liability. *Id.* First Commerce argues that the district court erred in not finding that Grantham transferred its goodwill to Genesis. Because First Commerce failed to ask the district court to make such a finding, the argument is waived. *Hollinger v. United States*, 651 F.2d 636, 640–41 (9th Cir.1981) (citation omitted). Since First Commerce's other successor liability arguments hinge on the "principal assets" issue, the same result obtains.

■ Defendants cross-appeal the district court's refusal to award attorneys' fees under Arizona Revised Statutes section 12–341.01. "We review a district court's award of attorneys' fees under state law for abuse of discretion. We review whether the district court properly interpreted and applied the relevant state statute, however, de novo." *Kona En-*

*ters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir.2000) (citations omitted). Section 12–341.01(A) states that a court may award attorneys' fees in an action that "arise[s] out of a contract." First Commerce's claims arose out of contract because it could not have brought its action *"but for"* the Grantham note. *Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 647 P.2d 1127, 1141 (1982) (emphasis added). The district court should award attorneys' fees to the defendants in its discretion. *McKesson Chem. Co. v. Van Waters & Rogers*, 153 Ariz. 557, 739 P.2d 211, 216 (Ct.App.1987).

Section 12–341.01(C) requires a court to award fees in cases where a claim "constitutes harassment, is groundless and is not made in good faith." The district court did not abuse its discretion when it declined to award fees to the Granthams under this provision because First Commerce included them in the action solely for the purpose of recovering Grantham Fire Protection, Inc. assets. *See Johnson v. Home State Bank*, 501 U.S. 78, 83–84, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991).

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED**